**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RASHPAL SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-209-G** |
| | ) | |
| **MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

Petitioner Rashpal Singh filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement. Certain Respondents have filed an Answer (Doc. No. 7), and Petitioner has filed a Reply (Doc. No. 8).

*I. Background*

The factual background is set forth in the Petition and not contested by Respondents. As relevant here, Petitioner "is a citizen of India" who "entered the United States . . . on April 5, 2023." Pet. ¶¶ 14, 21. He "was charged with having entered the United States

---

[1] Markwayne Mullin, Secretary, U.S. Department of Homeland Security, Todd Blanche, U.S. Attorney General, David J. Venturella, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"), and Chris Gantt, Warden of Cimarron Correctional Facility, are hereby substituted as respondents for Kristi Noem, Pamela Bondi, Todd Lyons, and Scarlet Grant, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. The appearing respondents are: Secretary Mullin; Attorney General Blanche; Acting Director Venturella; Joshua Johnson, Field Office Director of Enforcement and Removal Operations, Dallas Field Office, ICE; and Daren Margolin, Director of the Executive Office of Immigration Review.

without admission or inspection" pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* ¶ 2. On April 7, 2023, Petitioner "was released on an Order of Release on Recognizance." *Id.* ¶ 22.

On September 7, 2025, the Oklahoma Highway Patrol detained Petitioner, and Petitioner was "transferred to ICE custody." *Id.* ¶ 24. ICE "did not set bond" and instead "issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions." *Id.* ¶¶ 14, 26. Petitioner "requested a bond hearing," "but bond was denied" pursuant to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in which the Board of Immigration Appeals held that, pursuant to 8 U.S.C. § 1225(b)(2)(A), "those who entered the country without admission or parole are ineligible for a bond hearing." Pet. ¶¶ 14, 27.[2] Petitioner is now housed at Cimarron Correctional Facility in Cushing, Oklahoma. *Id.* ¶ 1.

## *I. Discussion*

### *A. Petitioner's Claims and Respondents' Answer*

Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2)(A) "unlawfully mandates his continued detention and violates" the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., the due process rights afforded him by the Fifth Amendment, and the Administrative Procedure Act, 5 U.S.C. §§

---

[2] *In re Yajure Hurtado* is not binding on this Court. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act] may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

701 et seq. Pet. ¶¶ 30-32, 34-38, 40-48. Petitioner seeks habeas relief in the form of an order of release from detention or, alternatively, provision of a bond hearing. *See id.* at 10.

Invoking multiple statutory interpretation arguments, Respondents argue that "the plain language of § 1225(b)(2)(A) straightforwardly apply in this case" and that "Petitioner's statutory assertions misread the INA and cannot account for the statutory definition of 'applicants for admission.'" Answer at 17, 20-27; *see also Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *2-3 (W.D. Okla. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235, 1240 (10th Cir. 2026).

*B. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Following the submission of the Answer and Reply, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239-40. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶¶ 14, 21; *Santillan Quiroz*, 180 F.4th at 1233-34. And as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1233-34; *see* Pet. ¶¶ 14,

27. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address Petitioner's remaining claims for relief. *See Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 & n.2 (W.D. Okla. July 14, 2026).[3]

*C. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 10.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4);

---

[3] Respondents also argue that Petitioner's INA violation claim "challenges [the Department of Homeland Security's] decision to detain Petitioner under § 1225(b)(2)(A) and therefore runs headlong into the INA's jurisdiction channeling and stripping provisions, depriving this Court of jurisdiction." Answer at 17-20 (citing 8 U.S.C. §§ 1226(e), 1252(b)(9), (g)). Petitioner responds that he challenges only "the Executive's present legal authority to detain him without any bond hearing." Pet'r's Reply at 2. Because Petitioner claims Respondents "violate[d] the INA" by "unlawfully" detaining him pursuant to § 1225(b)(2), Pet. ¶¶ 30-32, Petitioner "challenges one of the many . . . decisions or actions that may be part of the deportation process" "to which § 1252(g) is inapplicable." *Munoz*, 2026 WL 2200433, at *2 (internal quotation marks omitted) (concluding that the relevant statutes do not deprive the Court of jurisdiction to consider a habeas claim for violation of the INA based upon the detention of a noncitizen); *see Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023).

LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's Motions (Doc. Nos. 9, 10) are DENIED as moot;

3. Petitioner's remaining claims for relief are DISMISSED without prejudice; and

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge